## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In RE:  }
      }   Case No. 19-12460
Winde Farinacci }
      }   Chapter 13
      }
Debtor(s) }

## CHAPTER 13 PLAN

**I.**   **Notice**

NOTICE TO CREDITORS THAT THIS PLAN AND ALL OF ITS PROVISIONS ARE SUBJECT TO DEL. BANKR. L.R. 3023-1 AND YOUR RIGHTS MAY BE AFFECTED BY THIS PLAN. IF YOU OPPOSE THE PLAN'S TREATMENT OF YOUR CLAIM OR ANY PLAN PROVISION YOU OR YOUR ATTORNEY MUST FILE AN OBJECTION TO CONFIRMATION AT LEAST 7 DAYS BEFORE THE DATE SET FOR THE CONFIRMATION HEARING. THE BANKRUPTCY COURT MAY CONFIRM THIS PLAN WITHOUT FURTHER NOTICE IF NO OBJECTION IS FILED. SEE BANKRUPTCY RULE 3015. YOU SHOULD NOTE THE FOLLOWING (boxes must be checked by debtor(s) if applicable):

☐ The plan seeks to limit the amount of a secured claim, as set out in III.2, which may result in partial payment or no payment at all to the secured creditor.
☐ The plan will seek avoidance of a lien or security interest
☐ The plan contains nonstandard provisions in paragraph VI

**II.**   **Plan Payments and Length of Plan:** The future earnings of the debtor are submitted to the supervision and control of the Court and the Debtor's employer or the Debtor shall pay to the trustee the sum of $583.00 (monthly) for 60 months.

**III.**   **Plan Distribution:** From the payment received, after deduction of allowed Trustee's commission, the Trustee shall make disbursements as follows:

    **1. Priority Claims:**
    Full Payment in deferred cash payments of all claims entitled to priority under 11 U.S.C. §507.
    ☒ (A) Debtor's Counsel Fees: $2,693.00 (to be paid first)
    ☒ (B) Priority Taxes:
        1. IRS $5,412.00 for 2018 priority taxes;
        2. State of New Jersey $2,428.40 for 2018 priority taxes.
    Upon Confirmation, once the Proof of Claim as filed has been paid, the debt is paid in full and all interest and penalties are discharged, to the extent not inconsistent with the discharge provisions set forth in 11 U.S.C. §§ 1328(a)(2), and 523(a).
    ☐ (C) Domestic Support Obligations: N/A
    ☒ (D) Other Priority or Administrative Expenses:

1. New Jersey E-Z Pass $900.00 for toll violations.

2. **Secured Claims** (boxes must be checked)
   ☐ Pro-rata with or
   ☒ subsequent to dividends to priority creditors, holders of allowed secured claims shall retain the liens securing such claims and shall be paid as follows:

☐ (A) Long term or mortgage debt – N/A
☐ Debtor shall continue to make regular post-petition payments directly to N/A. This Section of the Plan specifically incorporates all of the provisions affecting mortgage claims as set forth in Del. Bankr. L.R. 3023-1(b) and the parties shall be governed.

☒ (B) Secured Vehicle debt (910 car claim) –Payments to Ally Financial on the 2017 GMC Acadia to be paid directly by a non-filing co-debtor. Debtor grants relief for any future payment default. (Upon final payment, title is to be marked "satisfied" and returned to the debtor(s)). Debtor(s) will maintain insurance on the value of the collateral as the creditor's interest may appear.

☐ (D) Other Secured debt: N/A

3. **Surrender of Collateral and Co-Debtor Relief:**
   ☐ (A) Debtor surrenders secured collateral to: N/A. Debtor(s) abandons such property and agrees that the Automatic Stay under 11 U.S.C. §362 is terminated as to the property and any interest in the property effective immediately on confirmation of this Plan. Claims, if any submitted by such creditor may receive a distribution under the Plan if such claims reflect an applicable deficiency balance remaining following surrender.

   ☐ (B) Co-Debtor relief under 11 U.S.C. §1301 is granted effectively immediately upon confirmation of this Plan as to surrendered property.

4. **Unsecured Claims:**
   Subsequent to dividends to priority and secured creditors, dividends to allow non-priority general unsecured creditors shall be distributed as follows:

   General unsecured creditors will be paid ☐ a dividend of 100% of their allowed claim or ☒ a pro-rata dividend of:
   ☐ 1. _____ BIOC or
   ☒ 2. $20,000.00 Disp. Income x 60 months as calculated under §1325(b), or
   ☐ 3. A pro-rata dividend from the base plan, if any.

IV. **Leases or Executory Contracts:** (if applicable) The following leases or executory contracts of the debtor will be treated as follows:
   1. Nissan Finance on the 2018 Nissan Sentra to be assumed;
   2. Acima Credit on the furniture lease to be assumed;
   3. Progressive Leasing on the furniture lease to be rejected.

**V.**     **Vesting of Property:** Title to Debtor's property shall revest in the Debtor on confirmation of the Plan, except for undistributed plan payments held by the Trustee. Unless otherwise ordered, upon conversion of this case to Chapter 7 all undistributed plan payments received from a debtor's post-petition wages shall be refunded to the debtor(s). Upon dismissal, unless otherwise ordered, the Trustee is authorized to disburse undistributed plan payments to allowed claimants in accordance with this Plan.

**VI.**     **Nonstandard Provisions:** Any other nonstandard provision placed elsewhere in this plan is void.

**VII.**    **Filing Proof of Claim Required:** A proof of claim must be filed in order to share in distributions under the plan. A proof of claim filed either electronically or as paper. To file an electronic, go to the website www.deb.uscourts.gov and click on "File a Claim" and follow the instructions. Once the necessary information is entered the form will be automatically generated. To obtain a claim form to file a paper claim, go to the website www.uscourts.gov and click on "Services and Forms", then click on "Bankruptcy Forms", then select "B410-Proof of Claim". Completed paper claims should be delivered or mailed to United States Bankruptcy Court, Attn: Claims, 824 Market Street, 3rd Floor, Wilmington, DE 19801.

/s/ Winde Farinacci                                                     11/14/19

Debtor's Signature                                                       Date

Joint Debtor's Signature                                             Date

**The undersigned certifies that this plan contains no nonstandard provision other than as set forth in paragraph VI above.**

/s/ William F. Jaworski Jr.                                      11/14/19

Attorney for Debtor(s)                                            Date

# PLAN ANALYSIS

IN RE:
Winde Farinacci                                    Case No.:  19-12460

Estimated length of plan:  60 months        Trustee Use:
                                            341 Meeting Date: _____
                                            Continued: _____
                                            Confirmed date: _____

**TOTAL DEBT PROVIDED FOR UNDER THE PLAN AND ADMINISTRATIVE EXPENSES**

| | |
|---|---|
| A. Total Priority Claims ……………………………………………… | $ |
|    1. Unpaid Attorney Fees …………………………………………… | $2,693.00 |
|    2. Taxes …………………………………………………………….. | $7,840.40 |
|    3. Other ……………………………………………………………... | $900.00 |
| B.  Total of Payments to Cure Defaults (Class Two)…………………... | $ |
| C.  Total of Payments on Secured Claims (Class Three)……………... | $ |
| D.  Total of Payments on Unsecured Claims (Class Four)…………... | $20,000.00 |
| E.  SUBTOTAL………………………………………………………... | $31,433.40 |
| F.   Total of Trustee's Compensation (10% of Debtors payment)……… | $3,492.60 |
| G.   Total Debt and Administrative Expenses………………………... | $34,926.00 |

## RECONCILIATION WITH CHAPTER 7

| | |
|---|---|
| H. INTEREST OF CLASS FOUR CREDITORS IF CHAPTER 7 FILED... | $ |
| 1. Value of Debtor's interest in non-exempt property……………………… | $ |
| 2. Plus: value of property recoverable under avoiding powers…………….. | $ |
| 3. Less: estimated chapter 7 administrative expense……………………… | $ |
| 4. Less: amounts payable to priority creditors other than costs of .         Administration…………………………………………………….. | $ |
| 5. Equals: estimated amount payable to Class 4 creditors if chapter 7          filed (if negative, enter zero)…………………………………….. | $ |
| I.  ESTIMATED DIVIDEND FOR CLASS FOUR UNDER CHAPTER 7.. | $ |
| J. ESTIMATED DIVIDEND UNDER PLAN……………………………. | $ |
| F.   Total of Trustee's Compensation (10% of Debtors payment)………….. | $ |
| G.   Total Debt and Administrative Expenses……………………………. | $ |

/s/ Winde Farinacci                                              11/14/19
_____        _____
Debtor's Signature                                               Date


_____        _____
Joint Debtor's Signature                                         Date

/s/ William F. Jaworski Jr.                                      11/14/19
_____        _____
Attorney for Debtor(s)                                           Date